**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**DONNA M. SMITH**                                      **CIVIL ACTION**

**VERSUS**                                             **CASE NO. 19-14779**

**REGINA WOODS ET AL.**                                **SECTION: "G"(1)**

## ORDER AND REASONS

In this litigation, pro se Plaintiff Donna M. Smith ("Plaintiff") seeks damages, as well as declaratory and injunctive relief, from an array of defendants, including Chanel R. Debose and the Law Office of Chanel R. Debose (the "Debose Defendants"), and Judge Monique E. Barial ("Judge Barial"), under a number of legal theories connected to her state court divorce proceedings from her husband, Thomas Ussin Brown ("Brown").[1] This is the third time Plaintiff has filed litigation in this federal court seeking to recover for alleged errors in her state court divorce proceedings. Presently pending before the Court are two motions: (1) the Debose Defendants' "Motion to Dismiss"[2] and (2) Judge Barial's "Motion to Dismiss."[3] Having considered the motions, the memoranda in support and in opposition, the record, and the applicable law, the Court grants both motions and dismisses this case without prejudice for lack of subject matter jurisdiction. The Court also warns Plaintiff that future filings regarding the same matter may result in sanctions, including dismissal, monetary penalties, and restrictions on her ability to file actions in this Court without prior leave of the Court.

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 9.

[3] Rec. Doc. 11.

# I. Background

## A.   *Factual Background/State Court Proceedings*

On December 30, 2019, Plaintiff filed a pro se, *in forma pauperis* Complaint in this Court against Judge Regina B. Woods, Judge Monique E. Barial, Judge Bernadette D'Souza, Pro Tempore Judge Melvin C. Zeno, attorney Chanel R. Debose, the Law Office of Chanel R. Debose, attorney Sharry I. Sandler, the Law Office of Sharry I. Sandler, attorney Gordon S. Patton, and her ex-husband Thomas Ussin Brown.[4] In the Complaint, Plaintiff alleges that in December 2009, she was granted a divorce from Brown.[5] On April 12, 2012, Brown, through his attorney Debose, filed a petition for the partition of community property in the Civil District Court in the Parish of Orleans.[6] Plaintiff alleges that, in the underlying state court proceedings, Brown conspired with his attorney, Debose, to fabricate evidence and commit perjury in order to deprive Plaintiff of property.[7]

On November 6, 2014, Plaintiff and Brown entered into a stipulation regarding the partition of their community property.[8] Plaintiff alleges that her attorney, Sharry I. Sandler, "fraudulently misrepresented to plaintiff that Judge Regina Bartholomew [Woods] said, 'She had to sign the third joint stipulated agreement th[at] contained the same terms and conditions previously forged by defendants Gordon S. Patton, Sharry I. Sandler and Chanel R. Debose.'"[9] But for these alleged

---

[4] Rec. Doc. 1.

[5] *Id.* at 16.

[6] *Id.* at 18.

[7] *Id.* at 19.

[8] *Id.* at 21.

[9] *Id.*

deceptive practices, Plaintiff contends she would not have signed the stipulation.[10] On December 10, 2014, Judge Woods entered a consent judgment pursuant to the stipulation.[11]

On December 30, 2014, proceeding pro se, Plaintiff filed a motion to annul the stipulated agreement in Civil District Court for the Parish of Orleans, alleging, among other things, attorney negligence, duress, coercion, and collusion on the part of Brown and his attorneys.[12] Then, on March 20, 2015, Plaintiff filed a "Petition for Annulment of Stipulated Agreement" in both the original proceedings between herself and Brown, as well as under a new case number, which were later consolidated before Judge Barial.[13] At an April 29, 2015 hearing, Judge Barial granted Brown's peremptory exception of no cause of action and dismissed the petition.[14]

Plaintiff then sought supervisory review of Judge Barial's decision.[15] On February 24, 2016, the Louisiana Fourth Circuit Court of Appeal affirmed Judge Barial's decision, finding that Judge Barial did not err in granting the exception of no cause of action.[16] However, "out of an abundance of caution," the Louisiana Fourth Circuit Court of Appeal remanded the case to the district court to give Plaintiff an opportunity to amend the petition to annul to state a cause of action in accord with Louisiana Code of Civil Procedure article 934.[17]

---

[10] *Id.* at 22.

[11] *Id.*; Rec. Doc. 1-1 at 1–3.

[12] Rec. Doc. 1 at 22.

[13] *Id.*

[14] *Id.* at 23.

[15] *Id.*

[16] *Id. See also Brown v. Brown*, 2015-1016 (La. App. 4 Cir. 2/24/16), 187 So. 3d 538, 542.

[17] Rec. Doc. 1 at 23; *Brown*, 187 So. 3d at 542.

On April 11, 2016, Plaintiff filed a motion to set a date to file an amended petition for annulment of the stipulated agreement.[18] Judge Barial granted the motion, ordering Plaintiff to file the amended petition on or before May 15, 2016.[19] Plaintiff failed to file an amended petition by the May 15, 2016 deadline.[20] As a result, Debose filed a motion to dismiss the petition for annulment.[21] Judge Barial heard argument on the motion to dismiss on March 27, 2017, and orally granted the motion.[22]

On June 12, 2017, Judge Barial granted Plaintiff's notice for a suspensive appeal, but denied her request to proceed *in forma pauperis* without posting a security bond.[23] The Louisiana Fourth Circuit Court of Appeal denied a related writ application on October 16, 2017.[24]

In 2017, Plaintiff initiated another litigation in the Civil District Court for the Parish of Orleans against Debose, Judge Barial, and others.[25] In March 2018, Judge Melvin Zeno sustained a prematurity exception filed by Debose, and stayed the proceedings against Debose.[26] Judge Zeno granted a no cause of action exception filed by Judge Barial, and dismissed Plaintiff's claims

---

[18] *Smith v. Barial*, 2018-0573 (La. App. 4 Cir. 12/19/18), 2018 WL 6683311.

[19] *Id.* at *3.

[20] *Id.*

[21] *Id.* at *2.

[22] *Id.*

[23] *Id.* On July 3, 2017, Plaintiff also filed, in the Louisiana Fourth Circuit Court of Appeal, a notice of intent to file a writ of mandamus to request permission to proceed *in forma pauperis* on appeal. The Fourth Circuit granted Plaintiff's writ application for the limited purpose of remanding the matter to the district court to consider the notice of intent as a notice of appeal. *Smith v. Brown*, 2017-618 (La. App. 4 Cir. 7/28/17).

[24] *Smith v. Brown*, 2017-848 (La. App. 4 Cir. 10/16/17).

[25] Rec. Doc. 1 at 24.

[26] *Smith*, 2018 WL 6683311 at *3.

against Judge Barial with prejudice.[27] Plaintiff appealed these rulings to the Louisiana Fourth Circuit Court of Appeal, and the appellate court affirmed the judgment on December 19, 2018.[28] The Louisiana Supreme Court denied Plaintiff's related writ application on April 15, 2019.[29]

Plaintiff alleges that "on February 6, 2019, [Brown] and [Debose] filed a plethora of motion[s] to enforce an invalid judgment issued on November 6, 2014, and nunc pro tunc order sustaining an invalid judgment issued on March 23, 2017."[30] Plaintiff alleges that on November 10, 2019, Judge Bernadette D'Souza granted a motion to dismiss filed by Brown and Debose, and entered judgment in the defendants' favor.[31] Plaintiff contends that she is entitled to injunctive relief from the November 10, 2019 judgment.[32] Plaintiff alleges that another hearing is scheduled in state court on January 10, 2020, and Plaintiff urges this Court to enjoin Judge D'Souza from taking any further action in the state court litigation.[33]

## B.   *Procedural Background/Federal Court Proceedings*

Plaintiff filed a Complaint in federal court on July 20, 2015, against Brown, the Law Offices of Chanel R. Debose, attorney Debose, the Law Offices of Sharry Sandler, attorney Sandler, the Law Offices of Gordon Patton, attorney Patton, Jabez Property Management, LLC,

---

[27] *Id.*

[28] *Id.*

[29] *Smith v. Barial*, 2019-0202 (La. 4/15/19), 267 So. 3d 1125

[30] Rec. Doc. 1 at 23.

[31] *Id.* at 25.

[32] *Id.*

[33] *Id.*

Allen Duhon, Adelle Duhon, and Judge Barial.[34] This Court dismissed Plaintiff's claims against Debose, the Law Office of Chanel R. Debose, Sandler, the Law Office of Sharry I. Sandler, Patton, the Law Office of Gordon Patton, and Judge Barial for lack of subject matter jurisdiction under the *Rooker–Feldman* doctrine.[35] The Court dismissed Plaintiff's claims against Jabez Property Management, Allen Duhon, and Adelle Duhon because it did not have supplemental jurisdiction over the state law claim against these defendants.[36] The Court also dismissed Plaintiff's state and federal claims against Brown for failure to state a claim.[37] The Court entered judgment in favor of the defendants and against Plaintiff on March 24, 2017.[38]

On March 31, 2017, Plaintiff filed a notice of appeal.[39] On April 24, 2017, this Court denied Plaintiff's motion to proceed *in forma pauperis* on appeal, finding that the appeal was not taken in good faith.[40] On appeal, Plaintiff did not address this Court's reasons for dismissing her claims or for denying the *in forma pauperis* motion.[41] Accordingly, the Fifth Circuit dismissed the appeal as frivolous on April 18, 2018.[42]

---

[34] Case No. 15-2784, Rec. Doc. 1.

[35] Case No. 15-2784, Rec. Docs. 30, 62.

[36] Case No. 15-2784, Rec. Doc. 63.

[37] Case No. 15-2784, Rec. Doc. 56.

[38] Case No. 15-2784, Rec. Doc. 64.

[39] Case No. 15-2784, Rec. Doc. 66.

[40] Case No. 15-2784, Rec. Doc. 69.

[41] Case No. 15-2784, Rec. Doc. 72-1.

[42] *Id.*

On October 20, 2017, Plaintiff removed the state court divorce and partition of community property proceeding to this Court.[43] The case was remanded to state court on December 29, 2017.[44] Plaintiff appealed that decision, and the Fifth Circuit dismissed the appeal for lack of jurisdiction on June 21, 2018.[45]

On December 30, 2019, Plaintiff filed the instant Complaint in this Court.[46] In the Complaint, Plaintiff requests declaratory and injunctive relief as well as monetary damages.[47] Plaintiff brings the federal claims under for alleged violations of her constitutional rights under 42 U.S.C. § 1983 and for alleged conspiracy to interfere with her civil rights under 42 U.S.C. § 1985(3).[48] Plaintiff also brings claims under Louisiana law for (1) fraud; (2) malpractice; (3) intentional infliction of emotional distress; (4) intentional fraudulent misrepresentation; (5) mental anguish; (6) libel and slander; (7) conversion; (8) unjust enrichment; (9) continuous torts; (10) abuse of process; (11) violations of the Louisiana Governmental Tort Claims Act; and (12) violations of the Louisiana Professional Code of Conduct and Ethics.[49]

---

[43] Case No. 17-10915, Rec. Doc. 1.

[44] Case No. 17-10915, Rec. Doc. 15.

[45] Case No. 17-10915, Rec. Doc. 21.

[46] Rec. Doc. 1.

[47] *Id.* at 1.

[48] *Id.*

[49] *Id.*

The Debose Defendants filed a motion to dismiss on February 27, 2020.[50] Plaintiff filed an opposition to the Debose Defendants' motion on April 23, 2020.[51] Judge Barial filed a motion to dismiss on March 18, 2020.[52] Plaintiff filed an opposition to Judge Barial's motion on May 18, 2020.[53]

## II. Parties' Arguments

### A.   The Debose Defendants' Motion to Dismiss

#### 1.   The Debose Defendants' Arguments in Support of Motion to Dismiss

The Debose Defendants raise two principal arguments in support of the motion to dismiss: (1) the Debose Defendants argue that this Court lacks jurisdiction to entertain Plaintiff's claims arising from the state court proceedings and judgments in her divorce and community property dispute under the *Rooker–Feldman* doctrine and (2) to the extent that the Court may have jurisdiction over any aspect of this case, Plaintiff's claims are barred by the applicable peremptive period.[54]

The Debose Defendants aver that Plaintiff's claims are barred by the *Rooker–Feldman* doctrine because Plaintiff's claim for injunctive relief is an improper collateral attack on a final state court judgment.[55] The Debose Defendants argue that all of the elements of *Rooker–Feldman* are met.[56] First, the Debose Defendants argue Plaintiff's entire case is built on the assertion that

---

[50] Rec. Doc. 9.

[51] Rec. Doc. 16.

[52] Rec. Doc. 11.

[53] Rec. Doc. 19.

[54] Rec. Doc. 9.

[55] Rec. Doc. 9-1 at 9.

[56] *Id.* According to the Debose Defendants, the doctrine applies only where: (1) the plaintiff is the loser of a proceeding in state court; (2) the plaintiff complains of injuries caused by the state court judgment; (3) the judgment was rendered before the federal proceedings commenced; and (4) the plaintiff seeks review and rejection of the state

the 2014 consent judgment that she agreed to was somehow induced or obtained by fraud.[57] The Debose Defendants assert that the claims set forth in the Complaint are based on actions occurring in the state court litigation, including the granting of her former husband's exceptions and mooting her Petition to annul the stipulated agreement.[58] Thus, the Debose Defendants contend, Plaintiff was the "loser" in the state court proceeding.[59]

Next, the Debose Defendants claim that the second element of the doctrine is satisfied because Plaintiff complains of injuries caused by the state court judgment, specifically that "[a]fter 7 and ½ years of litigation involving a single immovable property, plaintiff fears the contraventions will continue without intervention of the federal court."[60] The Debose Defendants aver that the third element of *Rooker–Feldman* is satisfied because a final judgment was rendered in state court before the federal pleadings commenced.[61] The Debose Defendants assert that the consent judgment entered in the divorce proceeding was a final, non-appealable judgment under Louisiana law.[62] Additionally, the Debose Defendants contend that although Plaintiff was initially successful in seeking review of the trial court's ruling on an exception of no cause of action, Plaintiff's claims were dismissed after she failed to timely amend the petition.[63] Finally, the Debose Defendants

---

court judgment. *Id.* (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

[57] *Id.*

[58] *Id.* at 10.

[59] *Id.* at 11.

[60] *Id.*

[61] *Id.* at 11.

[62] *Id.*

[63] *Id.*

contend, the fourth element of the *Rooker–Feldman* doctrine is satisfied because Plaintiff is seeking review and rejection of the state court's judgment, specifically injunctive relief from the judgment.[64] According to the Debose Defendants, such a collateral attack is explicitly barred by the *Rooker–Feldman* doctrine.[65]

Alternatively, the Debose Defendants argue that Plaintiff's claims are barred by the prescriptive and preemption periods.[66] The Debose Defendants assert that claims against an attorney licensed to practice law in Louisiana must be filed within one year of the date that the alleged act, omission, or neglect is discovered or should have been discovered, but in no event may the action be filed more than three years from the date of the alleged act, omission, or neglect.[67] The Debose Defendants contend that this is a peremptive period that cannot be renounced, interrupted, or suspended.[68]

Here, the Debose Defendants assert that Plaintiff's claims are facially perempted, because the claims arise from or are related to the 2014 consent judgment that Plaintiff claims was fraudulently induced.[69] The Debose Defendants point out that Plaintiff alleged that she has been litigating her claims in state court for over seven years.[70] Therefore, the Debose Defendants assert that Plaintiff knew or should have known of her alleged claims and damages for more than a year

---

[64] *Id.* at 12.

[65] *Id.*

[66] *Id.*

[67] *Id.* (citing La. Rev. Stat. § 9:5605(A)).

[68] *Id.* (citing La. Rev. Stat. § 9:5605(B)).

[69] *Id.* at 14.

[70] *Id.*

prior to commencing this action on December 30, 2019.[71] Furthermore, with respect to the allegation that in 2019 Debose also "filed a plethora of motion[s] to enforce an invalid judgment," the Debose Defendants contend that Plaintiff has not alleged any damages directly related to those particular state court actions.[72] Therefore, the Debose Defendants argue that Plaintiff's claims are perempted.[73]

### 2.    Plaintiff's Arguments in Opposition to the Debose Defendants' Motion to Dismiss

In opposition to the Debose Defendants' motion to dismiss, Plaintiff argues that "[t]he judgment rendered in state court was in direct violation of [her] procedural and substantive due process rights."[74] Therefore, Plaintiff asserts that the state court judgment is not entitled to full faith and credit in federal court.[75]

Plaintiff recounts the facts alleged in the Complaint.[76] Plaintiff alleges that the judges, attorneys, and her ex-husband acted in concert, colluded and conspired to deprive her of: (1) her right to report criminal activities of attorneys; (2) her right to access the courts; (3) property rights and interests; and (4) her right to defend her reputation.[77] Plaintiff asserts that attorneys Sandler, Patton, and Debose fabricated the joint stipulation, and signed the litigants' names.[78] Additionally,

---

[71] *Id.*

[72] *Id.* at 15.

[73] *Id.*

[74] Rec. Doc. 16 at 1.

[75] *Id.* at 2.

[76] Rec. Doc. 16-1 at 1–10.

[77] *Id.* at 13–14.

[78] *Id.* at 15.

Plaintiff asserts that the state court did not conduct a hearing to determine the validity of the stipulation.[79] Plaintiff contends that she "never had her day in court regarding the partition of community process."[80] According to Plaintiff, "[t]he judgments of December 10, 2014, March 27, 2017, and November 10, 2019 were all procured or obtained by fabricating and filing false documents, intentionally and knowingly making fraudulent misrepresentations that improperly influenced the judges corrupting the process."[81]

Finally, Plaintiff asserts that the Debose Defendants' motion to dismiss is frivolous and designed to harass and unduly delay the judicial process.[82] Therefore, Plaintiff contends that the Debose Defendants and their attorney should be sanctioned under Federal Rule of Civil Procedure 11(c).[83]

### B.  *Judge Barial's Motion to Dismiss*

#### 1.  Judge Barial's Arguments in Support of Motion to Dismiss

Judge Barial raises five principal arguments in support of the motion to dismiss: (1) Judge Barial asserts Plaintiff's official capacity claims against Judge Barial are barred by the Eleventh Amendment; (2) Judge Barial argues that Plaintiff's claims are barred by the *Rooker–Feldman* doctrine; (3) Judge Barial contends that Plaintiff fails to state an official capacity claim against Judge Barial, as such claims are not made against a "person" under the meaning of 42 U.S.C.

---

[79] *Id.* at 17.

[80] *Id.*

[81] *Id.* at 19.

[82] *Id.* at 22.

[83] *Id.* at 21.

§1983; (4) Judge Barial argues she is entitled to absolute judicial immunity; and (5) alternatively, Judge Barial asserts she is entitled to qualified immunity.[84]

First, Judge Barial argues that Eleventh Amendment immunity bars Plaintiff's claims for damages against Judge Barial in her official capacity.[85] According to Judge Barial, any claims against her in her official capacity are properly seen as suits against the State of Louisiana, and the State of Louisiana has not waived its Eleventh Amendment immunity for claims against it in federal court.[86] Therefore, Judge Barial asserts that any official capacity claims against her should be dismissed, without prejudice, for lack of subject matter jurisdiction.[87]

Second, Judge Barial argues that Plaintiff's claims are barred by the *Rooker–Feldman* doctrine.[88] Judge Barial notes that Plaintiff expressly requests a "declaration pursuant to 28 U.S.C. §2201 and 2202 that the judgment rendered in state court proceedings is invalid or void in violation of her civil liberty and civil right of equal protection, right to access to court and due process[.]"[89] Because Plaintiff is state court loser expressly seeking to have the state court judgments declared invalid, Judge Barial asserts that Plaintiff's claims are barred by the *Rooker–Feldman* doctrine.[90] Additionally, Judge Barial argues that Plaintiff's claims that she was injured because of the

---

[84] Rec. Doc. 11 at 1.

[85] Rec. Doc. 11-1 at 6.

[86] *Id.* at 7.

[87] *Id.*

[88] *Id.*

[89] *Id.* (quoting Rec. Doc. 1 at 29).

[90] *Id.*

13

judgments are inextricably intertwined with the state court judgments.[91] Accordingly, Judge Barial contends that Plaintiff's claims should be dismissed for lack of subject matter jurisdiction.[92]

Third, Judge Barial contends Plaintiff fails to state an official capacity claim against Judge Barial, as such claims are not made against a "person" under the meaning of 42 U.S.C. § 1983.[93] Judge Barial asserts that it is a well settled point of law that a state is not capable of being sued under 42 U.S.C. § 1983, as the state is not a "person" under 42 U.S.C. § 1983.[94] Accordingly, Judge Barial argues that the official capacity claims should also be dismissed for this reason.[95]

Fourth, Judge Barial asserts that she is entitled to absolute judicial immunity because Plaintiff's claims against her arise out of the exercise of Judge Barial's judicial functions.[96] Therefore, Judge Barial contends that all of Plaintiff's federal and state law claims should be dismissed.[97]

Fifth, to the extent that Judge Barial is not entitled to absolute immunity, she argues that she is entitled to qualified immunity for her alleged actions in this case.[98] Judge Barial asserts that Plaintiff wholly fails to identify what clearly established constitutional right was at issue in this case.[99] Accordingly, Judge Barial contends she is entitled to qualified immunity.[100] Judge Barial

---

[91] *Id.* at 8.

[92] *Id.*

[93] *Id.*

[94] *Id.*

[95] *Id.*

[96] *Id.* at 9.

[97] *Id.* at 10–11.

[98] *Id.* at 11.

[99] *Id.* at 12.

[100] *Id.* at 14.

also argues that Plaintiff cannot seek declaratory relief against Judge Barial because Plaintiff has not shown how she may be harmed by Judge Barial in the future.[101] Finally, Judge Barial argues that Plaintiff cannot seek injunctive relief because under Section 1983 injunctive relief is only available against a judicial officer if the officer violated a declaratory decree or if declaratory relief was unavailable.[102] For these reasons, Judge Barial contends that all claims pending against her should be dismissed.[103]

### 2.      Plaintiff's Arguments in Opposition to Judge Barial's Motion to Dismiss

In opposition to Judge Barial's motion to dismiss, Plaintiff asserts that her official capacity claims against Judge Barial are exceptions to Eleventh Amendment immunity.[104] She states that she is bringing claims against Judge Barial in her individual capacity under Section 1983.[105] Plaintiff argues that Judge Barial is not entitled to judicial immunity or qualified immunity because of her misconduct in the state court proceedings.[106]

Plaintiff argues that the judgments rendered by Judges Woods and Barial were rendered in direct violation of procedural and substantive due process rights.[107] Plaintiff asserts that Judge Barial should be held liable because she failed to enforce judicial procedures.[108]

---

[101] *Id.* at 14–15.

[102] *Id.* at 15.

[103] *Id.* at 12.

[104] Rec. Doc. 19 at 1.

[105] *Id.*

[106] *Id.*

[107] Rec. Doc. 19-1 at 1.

[108] *Id.* at 2.

Plaintiff recounts the facts alleged in the Complaint.[109] Plaintiff alleges that the judges, attorneys, and her ex-husband acted in concert, colluded and conspired to deprive her of: (1) her right to report criminal activities of attorneys; (2) her right to access the courts; (3) property rights and interests; and (4) her right to defend her reputation.[110] Plaintiff asserts that attorneys Sandler, Patton, and Debose fabricated the joint stipulation, and signed the litigants' names.[111] Additionally, Plaintiff asserts that the state court did not conduct a hearing to determine the validity of the stipulation.[112] Plaintiff contends that she "never had her day in court regarding the partition of community process."[113] According to Plaintiff, Judge Barial's "acts/omissions disqualif[y] her for judicial immunity because of multiple violations of plaintiff's constitutional protected interest and rights."[114] Plaintiff contends that the judgment rendered on March 27, 2017 is void, and she is entitled to declaratory and injunctive relief.[115]

## III. Legal Standard

### A. Legal Standard for a Rule 12(b)(1) Motion to Dismiss

"Federal courts are courts of limited jurisdiction," and "possess only that power authorized by Constitution and statute."[116] It is a "first principle of jurisdiction" that a federal court must

---

[109] *Id.* at 3–10.

[110] *Id.* at 13–14.

[111] *Id.* at 15.

[112] *Id.* at 17.

[113] *Id.*

[114] *Id.* at 19.

[115] *Id.*

[116] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

dismiss an action "whenever it appears that subject matter jurisdiction is lacking."[117] Accordingly, a claim is "properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate" it.[118] "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits."[119] This practice "prevents a court without jurisdiction from prematurely dismissing a case with prejudice."[120] When opposing a 12(b)(1) motion, as at all other times, the party asserting jurisdiction bears the burden to prove that the Court has jurisdiction.[121]

**B.   *Legal Standard to Dismiss an In Forma Pauperis Complaint under 28 U.S.C. § 1915***

A federal district court must liberally construe an *in forma pauperis* ("IFP") complaint filed by a pro se plaintiff.[122] To guard against abuse of the free access provided to courts by the *in forma pauperis* statutes, a district court must screen cases brought under 28 U.S.C. § 1915.[123] Under 28 U.S.C. § 1915(e)(2)(B), which governs IFP filings and complaints, a district court must screen IFP complaints *sua sponte* for claims that are frivolous, fail to state a claim, or seek monetary relief

---

[117] *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citations omitted).

[118] *In re FEMA Trailer Formaldehyde Prod. Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012) (citations omitted).

[119] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citations omitted).

[120] *In re FEMA Trailer*, 668 F.3d at 287.

[121] *Ramming*, 281 F.3d at 161.

[122] *See, e.g.*, *Dickerson v. Hill*, 48 F. App'x 104 (5th Cir. 2002).

[123] *See* 28 U.S.C. § 1915(e)(2)(B); *see also Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986) (stating that the district court is vested with broad authority in determining whether dismissal is proper under 28 U.S.C. § 1915); *Brewster v. Dretke*, 587 F.3d 764, 769 n.3 (5th Cir. 2009).

from an immune defendant.[124]

An IFP complaint is "frivolous" under 28 U.S.C. § 1915 when it "lacks an arguable basis either in law or in fact."[125] An IFP complaint lacks an arguable basis in law when grounded on an indisputably meritless legal theory—that is, the violation of a legal interest that clearly does not exist.[126] On the other hand, an IFP complaint lacks an arguable factual basis when the alleged facts are "clearly baseless," which encompasses fanciful, fantastic, and delusional allegations.[127] 28 U.S.C. § 1915, unlike Federal Rule of Civil Procedure 12(b)(6), provides judges "the unusual power to pierce the veil of the [IFP] complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."[128]

An IFP complaint may not be dismissed simply because a federal district court deems the factual allegations to be unlikely, but "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."[129] Due to the "superior competence of district courts in handing down particularized judgments," the United States Supreme Court has not provided a more precise definition of factually frivolous claims.[130] The Supreme Court has instead stated: "[W]e are confident that the district courts, who are 'all too familiar' with factually

---

[124] 28 U.S.C. § 1915(e)(2)(B).

[125] *United States v. Ajaegbu*, 165 F.3d 24 (5th Cir. 1998) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

[126] *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999).

[127] *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992); *Neitzke*, 490 U.S. at 327–28.

[128] *Neitzke*, 490 U.S. at 327.

[129] *Denton*, 504 U.S. at 33.

[130] *Ajaegbu*, 165 F.3d at 24.

frivolous claims, are in the best position to determine which cases fall into this category."[131]

## IV. Analysis

Both Judge Barial and the Debose Defendants argue that *Rooker–Feldman* bars the Complaint at issue. This Court previously dismissed similar claims filed by Plaintiff against Judge Barial and the Debose Defendants under the *Rooker–Feldman* doctrine.[132] Because the *Rooker–Feldman* doctrine is a jurisdictional issue, the Court must address it first.[133]

### A.   *Whether Plaintiff's Claims Should be Dismissed for Lack of Subject Matter Jurisdiction*

Pursuant to the *Rooker–Feldman* doctrine, federal courts lack subject matter jurisdiction to review or modify the final decisions of state courts unless there is a federal statute that specifically permits such a review.[134] In *Rooker v. Fidelity Trust Co.*, the plaintiff filed suit in federal district court, claiming that the state court, in a case in which the plaintiff was a party, had given effect to a state statute alleged to be in conflict with the contract clause of the Constitution and the due process and equal protection clauses of the Fourteenth Amendment.[135] The Supreme Court held that "[i]f the constitutional questions stated in the bill actually arose in the cause, it was the province and duty of the state courts to decide them; and their decision, whether right or wrong, was an exercise of jurisdiction."[136] The Supreme Court held that the district court lacked

---

[131] *Id.* (quoting *Denton*, 504 U.S. at 33).

[132] Case No. 15-2784, Rec. Doc. 30.

[133] *Truong v. Bank of Am., N.A.*, 717 F.3d 377, 381–82 (5th Cir. 2013).

[134] *Union Planters Bank Nat'l Ass'n*, 369 F.3d 457, 462 (5th Cir. 2004).

[135] *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 414–15 (1923).

[136] *Id.* at 415.

jurisdiction because "no court of the United States other than [the Supreme Court] could entertain a proceeding to reverse or modify the judgment for errors of that character."[137]

In *District of Columbia Court of Appeals v. Feldman*, two plaintiffs brought suit in federal court challenging the District of Columbia Court of Appeals' refusal to waive a court rule requiring District of Columbia bar applicants to have graduated from an accredited law school.[138] The Supreme Court held that the proceedings before the District of Columbia Court of Appeals were judicial in nature and the district court lacked subject matter jurisdiction over their claims.[139] The Supreme Court found that district courts do not have jurisdiction "over challenges to state court decisions in particular cases arising out of judicial proceedings, even if those challenges allege that the state court's action was unconstitutional."[140]

The Supreme Court has cautioned that the *Rooker–Feldman* doctrine is "confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."[141] "*Rooker–Feldman* does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions."[142]

---

[137] *Id.* at 416.

[138] 460 U.S. 462, 464–65 (1983).

[139] *Id.* at 482.

[140] *Id.* at 486.

[141] *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

[142] *Id.*

In *Truong v. Bank of America, N.A.*, the Fifth Circuit explained that the two hallmarks of the *Rooker–Feldman* inquiry are: (1) "what the federal court is being asked to review and reject;" and (2) "the source of the federal plaintiff's alleged injury."[143] In the Complaint, Plaintiff brings federal and state law claims against the defendants, and she seeks both declaratory and injunctive relief from the state court judgments.[144] Plaintiff also seeks "damages from those defendants who had knowledge of the violations of Plaintiff's civil rights."[145] Accordingly, the Court will first consider whether the *Rooker–Feldman* doctrine bars consideration of Plaintiff's claims to the extent that she explicitly seeks declaratory and injunctive relief from a state court judgment. Then, the Court will consider whether, construing Plaintiff's Complaint liberally, Plaintiff's claims, for which she also seeks damages, constitute independent claims beyond the scope of *Rooker–Feldman*.

1.     **Whether the Court is Barred from Considering Plaintiff's Claims for which She Seeks Declaratory and Injunctive Relief Pursuant to the *Rooker–Feldman* Doctrine**

"The Supreme Court has definitively established, in what has become known as the *Rooker–Feldman* doctrine, that federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify *final* orders of state courts."[146] If a state trial court errs the judgment is not void, it is to be reviewed and corrected by the appropriate state

---

[143] 717 F.3d at 382 (citing *Exxon Mobil Corp.*, 544 U.S. at 284).

[144] *See* Rec. Doc. 1 at 28.

[145] *Id.* at 3.

[146] *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (emphasis added) (internal quotation marks and citation omitted).

appellate court. Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court."[147]

In the Complaint, Plaintiff appears to seek declaratory and injunctive relief from: (1) a December 10, 2014 community property consent judgment in Plaintiff's original divorce proceedings;[148] (2) a March 23, 2017 judgment dismissing Plaintiff's Petition to Annul the Stipulated Agreement;[149] and (3) a November 10, 2019 judgment granting a motion to dismiss.[150]

The December 10, 2014 consent judgment is undoubtedly a final judgment under Louisiana law. Pursuant to Louisiana Code of Civil Procedure article 2085, "[a]n appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against [her]." Furthermore, the finality of the consent judgment is further evidenced by the fact that Plaintiff brought a second action to annul the consent judgment in her original divorce proceeding pursuant to Louisiana Code of Civil Procedure article 2004.[151] Article 2004 provides that a "*final* judgment obtained by fraud or ill practices may be annulled" and that an action to annul a judgment on these grounds must be brought within one year of discovery of the fraud or ill practices.[152]

The finality of the March 23, 2017 and November 10, 2019 judgments are of no moment to this Court's analysis.[153] It is abundantly clear from the record that the 2014 consent judgment

---

[147] *Id.*

[148] *See* Rec. Doc. 1 at 23; Rec. Doc. 1-1 at 1–3.

[149] *See* Rec. Doc. 1-1 at 45.

[150] *See* Rec. Doc. 1 at 23.

[151] *See Brown v. Brown*, 2015-1016 (La. App. 4 Cir. 2/24/16) 187 So.3d 538 n. 1.

[152] La. Code Civ. P. art. 2004.

[153] The March 23, 2017 judgment dismissing the annulment action appears to be final. After the Louisiana Fourth Circuit Court of Appeal remanded the case for the state trial court to give Plaintiff an opportunity to amend the petition, Plaintiff failed to file an amended petition by the deadline. As a result, Judge Barial orally granted a motion

partitioning the community property is a final judgment. Plaintiff has repeatedly attempted to attack the validity of the 2014 judgment in state court, to no avail. The 2017 and 2019 judgments were issued in the collateral state court proceeding seeking to annul the 2014 consent judgment. Plaintiff's entire federal case (and all of the collateral proceedings in state court) stem from her desire to have the 2014 consent judgment declared invalid. Plaintiff's entire case is built on the assertion that the 2014 consent judgment was somehow induced or obtained by fraud. Plaintiff complains that the state court judges did not annul the 2014 consent judgment, and requests that this Court enjoin the enforcement of that judgment. At bottom, Plaintiff is asking this Court to "exercise it plenary power to enjoin Judge Bernadette D'Souza [and the other state court judges named in this lawsuit] from taking any further action in case no. 2008-0850 c/w/ 2015-02581 to prevent any further manifest injustice and permit litigation of this lawsuit."[154] To the extent that Plaintiff seeks review and rejection of a final state court judgment rendered before the instant action began, the Court is barred from considering such claims for which Plaintiff seeks declaratory and injunctive relief pursuant to the *Rooker–Feldman* doctrine.[155]

---

to dismiss on March 27, 2017. On June 12, 2017, Judge Barial granted Plaintiff's notice for a suspensive appeal, but denied her request to proceed *in forma pauperis* without posting a security bond. *Smith v. Barial*, 2018-0573 (La. App. 4 Cir. 12/19/18), 2018 WL 6683311. The Louisiana Fourth Circuit Court of Appeal denied a related writ application on October 16, 2017. *Smith v. Brown*, 2017-848 (La. App. 4 Cir. 10/16/17).

    With respect to the November 10, 2019 judgment, it is unclear from the record currently before this Court whether that judgment is final. In the Complaint, Plaintiff alleges that "Judge Bernadette D'Souza granted Brown and [Debose's] motion to dismiss suspensive appeal taken from final judgment on March 23, 2017, which was a nunc pro tunc order granting an invalid/void judgment on its face." Rec. Doc. 1 at 23. However, Plaintiff does not provide a copy of the November 10, 2019 judgment, nor does she provide any additional information on the motions that were filed in 2019.

    [154] Rec. Doc. 1 at 25.

    [155] *See Exxon Mobil Corp.*, 544 U.S. at 284 (holding that application of the *Rooker–Feldman* doctrine is limited to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").

### 2. Whether Plaintiff's Claims for which she Seeks Damages Constitute Independent Claims beyond the Scope of *Rooker–Feldman*

In addition to seeking declaratory and injunctive relief, Plaintiff also seeks monetary damages. Accordingly, construing the Complaint liberally, the Court will consider whether Plaintiff's claims constitute independent claims beyond the scope of *Rooker–Feldman*.

The Fifth Circuit in *Truong v. Bank of America, N.A.* cautioned that in light of the "narrow ground" *Rooker–Feldman* occupies, "it does not prohibit a plaintiff from 'present[ing] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party.'"[156] As discussed above, the Fifth Circuit explained that the two hallmarks of the *Rooker–Feldman* inquiry are: (1) "what the federal court is being asked to review and reject;" and (2) "the source of the federal plaintiff's alleged injury."[157]

However, in *Truong*, the Fifth Circuit also made a point to note that there is no "general rule that *any* claim that relies on a fraud allegation is an 'independent claim' for *Rooker–Feldman* purposes."[158] The Fifth Circuit cited a number of cases in which it had held that *Rooker–Feldman* barred claims that judgments were fraudulently procured because the relief requested would necessarily include reversing a state court judgment.[159] *Truong* approvingly cited *Turner v.*

---

[156] 717 F.3d at 385 (quoting *Exxon Mobil Corp.*, 544 U.S. at 293).

[157] *Id.* at 382 (citing *Exxon Mobil Corp.*, 544 U.S. at 284).

[158] *Id.* at 384 n.3.

[159] *Id.* (citing *Magor v. GMAC Mortg., L.L.C.*, 456 F. App'x 334, 336 (5th Cir. 2011) (holding that *Rooker–Feldman* bars a claim that a state foreclosure judgment was procured through fraud because "reversal of the state court's foreclosure judgment would be a necessary part of the relief requested"); *United States v. Shepherd*, 23 F.3d 923, 924–25 (5th Cir. 1994) (holding that *Rooker–Feldman* prohibits a district court from voiding state foreclosure judgments, notwithstanding claims that the judgments were fraudulently procured)).

*Chase*,[160] *Turner v. Cade*[161] and *Sookma v. Millard*,[162] all unpublished decisions in which the Fifth Circuit held that the *Rooker–Feldman* doctrine barred claims that state court divorce decrees were procured through fraud because the federal plaintiffs had sought to void the adverse state court judgments.[163] In fact, *Sookma* involved a similar claim that the plaintiff's state court opponents and state judges conspired to deprive her of civil rights through fraud.[164] There, the Fifth Circuit found that the *Rooker–Feldman* doctrine barred review because the plaintiff sought, in addition to damages, to enjoin the enforcement of a state divorce decree.[165] By contrast, in the Fifth Circuit cases cited in *Truong* for the proposition that a district court may have jurisdiction over "independent claims" that do not seek to merely overturn the state court judgment, the plaintiffs, unlike Plaintiff in the instant litigation, did not bring a direct attack on the judgment of a state court.[166]

Here, the Complaint explicitly seeks declaratory and injunctive relief from the state court judgment and damages.[167] The harm Plaintiff alleges that she has suffered was a denial "of personal

---

[160] 334 F. App'x 657, 659–60 (5th Cir. 2009).

[161] 354 F. App'x 108, 110–11 (5th Cir. 2009).

[162] 151 F. App'x 299, 300–01 (5th Cir. 2005).

[163] *See Truong*, 717 F.3d at 384 n.3.

[164] *Sookma*, 151 F. App'x at 300–01.

[165] *Id.*

[166] *See, e.g.*, *Drake v. St. Paul Travelers Ins. Co.*, 353 F. App'x 901, 905 (5th Cir. 2009) ("In his present complaint, [Plaintiff] is not inviting the district court to review and reject the judgment of the Texas state courts. Instead, [the plaintiff] is seeking damages for [a defendant's] allegedly fraudulent statements. Thus, *Rooker–Feldman* is inapplicable in this case."); *Illinois Cent. R. Co. v. Guy*, 682 F.3d 381, 391 (5th Cir. 2012) ("The *Rooker–Feldman* doctrine does not apply to this case because adjudicating [the plaintiff's] claims did not require the district court to review any final judgment rendered by a state court.").

[167] Rec. Doc. 1.

and property rights without, and in direct and repeated acts/omissions by defendants in violation of due process of law."[168] In fact, Plaintiff explicitly argues that the "[j]udicial officials and attorneys departed from provisions of the United States Constitution, Judicial Code of Conduct, and Louisiana Professional Code of Conduct to victimize" Plaintiff in the state court proceedings.[169] Similar to the defendants in *Sookma*, the defendants are accused of colluding with each other to deprive Plaintiff of due process in the state court proceedings.[170] The attorneys and Brown are also accused of producing fabricated documents and manipulating evidence in order to influence the judge in the underlying divorce and community property partition proceedings.[171]

As the Fifth Circuit has held, a plaintiff cannot circumvent the jurisdictional limit outlined by the *Rooker–Feldman* doctrine by asserting claims not raised in the state court proceedings or claims framed as original claims for relief.[172] If a federal district court is confronted with issues that are "inextricably intertwined" with a state judgment, the court is "in essence being called upon to review the state-court decisions," and such federal review is prohibited.[173] Therefore, the fact that Plaintiff brings claims against the defendants that were not raised in the underlying divorce proceeding does not negate the fact that the relief she ultimately seeks is the voiding of the final consent judgment in her state divorce proceeding.

The Court notes that Plaintiff alleges a range of claims against the defendants that were not raised in the original state divorce proceeding (although many of these claims do appear to have

---

[168] *Id.* at 9.

[169] *Id.* at 13.

[170] *Id.* at 13–14.

[171] *Id.*

[172] *U.S. v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994).

[173] *Id.* (citing *Feldman*, 460 U.S. at 482 n. 16).

been raised in the collateral state court proceedings), but each of these claims implicate the underlying state court judgment, such that the "true thrust of these allegations is against the merits of the divorce [and community property partition] proceedings."[174] Accordingly, the Court finds that Plaintiff's claims for which she seeks damages in addition to injunctive relief are barred by the *Rooker–Feldman* doctrine because they are "inextricably intertwined" with the underlying state divorce judgment and the Court could not rule in Plaintiff's favor without overturning the state court.[175] The fact that Plaintiff seeks damages in addition to injunctive relief does not negate the fact that Plaintiff's claims ultimately constitute a collateral attack on the state court decree and that Plaintiff ultimately seeks to overturn or void a state court judgment, relief that this Court lacks subject matter jurisdiction to grant.[176]

   Although the Court construes *pro se* complaints liberally, Plaintiff bears the burden of establishing federal jurisdiction,[177] and she has failed to carry that burden here. Accordingly, the Court finds that because Plaintiff seeks review and relief from the final state court judgment,

---

[174] *Bell v. Valdez*, 207 F.3d 657, at *1 (5th Cir. 2000).

[175] *See Shepherd*, 23 F.3d at 924. *See also Turner*, 334 F. App'x at 657 (upholding district court's dismissal of plaintiff's civil rights action against ex-husband and attorneys involved in her state-court divorce proceedings under the *Rooker–Feldman* doctrine and agreeing that the action fell "squarely in the category of cases covered by the *Rooker–Feldman* doctrine"); *Turner*, 354 F. App'x at 108 (upholding lower court's dismissal of plaintiff's civil rights action against ex-husband and lawyers involved in state divorce proceeding under the *Rooker–Feldman* doctrine and finding that the "sole cause of Appellant's alleged injury is the state court judgment, but Appellant attempts to classify her alleged injury as civil rights violations, which the *Rooker–Feldman* doctrine prohibits"); *Bell*, 207 F.3d at 657 (finding that a district court lacked subject matter jurisdiction under the *Rooker–Feldman* doctrine to review a plaintiff's civil rights action against her ex-husband and judge in her divorce proceeding and noting that the "*Rooker–Feldman* doctrine has frequently been used to dismiss civil rights complaints that . . . are in essence challenges to state court divorce decrees") (internal citation omitted).

[176] *See Shepherd*, 23 F.3d at 924.

[177] *Ramming*, 281 F.3d at 158.

pursuant to the *Rooker–Feldman* doctrine, the Court lacks subject matter jurisdiction over her claims against all of the defendants named in this litigation.

**B.     Alternative Ground for Dismissal Under 28 U.S.C. § 1915**

Alternatively, even if the Court were to find that some of Plaintiff's claims are not barred by the *Rooker–Feldman*, dismissal of all of Plaintiff's federal claims is warranted under 28 U.S.C. § 1915(e)(2)(B) because the Complaint is frivolous, fails to state a federal claim against any defendant, and seeks "monetary relief against a defendant who is immune from such relief."[178] The Court may screen cases under 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's claims against Judge Regina B. Woods, Judge Monique E. Barial, Judge Bernadette D'Souza, Pro Tempore Judge Melvin C. Zeno all arise out of actions taken while performing their judicial duties. Judges enjoy absolute judicial immunity from liability for damages arising out of performance of their judicial duties.[179] The Fifth Circuit has adopted a four-factor test for determining whether a judge's actions were judicial in nature: "(1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity."[180] These factors are broadly construed in favor of

---

[178] 28 U.S.C. § 1915(e)(2)(B).

[179] *Mireles v. Waco*, 502 U.S. 9, 11 (1991). *See also Moore v. Taylor*, 541 So.2d 378, 381 (La. App. 2d Cir. 1989). ("The Louisiana jurisprudence on judicial immunity mirrors the federal doctrine.").

[180] *Davis v. Tarrant County*, 565 F.3d 214, 222 (5th Cir. 2009).

immunity.[181] "Absolute judicial immunity extends to all judicial acts which are not performed in the clear absence of all jurisdiction."[182]

The conduct challenged by Plaintiff—issuing rulings in pending civil cases— unequivocally falls within a judge's authority as judicial officer of the court and in the ordinary exercise of judicial duties. Plaintiff does not allege that the state court judge defendants clearly lacked "all jurisdiction" in her cases. The state court judge defendants are immune from the claims asserted. It makes no difference that Plaintiff alleges that the rulings were the result of bad faith, conspiracy, or bias. Judicial immunity is not overcome by allegations of bad faith or malice.[183]

Plaintiff's claims against attorney Chanel R. Debose, the Law Office of Chanel R. Debose, attorney Sharry I. Sandler, the Law Office of Sharry I. Sandler, attorney Gordon S. Patton, and her ex-husband Thomas Ussin Brown fare no better.[184] To the extent Plaintiff brings a federal claim under 42 U.S.C. § 1983,[185] Plaintiff has not shown state action as required under Section 1983.[186]

To the extent Plaintiff brings a federal claim under 42 U.S.C. § 1985(3), Plaintiff has also

---

[181] *Id.*

[182] *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985) (citing *Stump v. Sparkman*, 435 U.S. 349 (1978)).

[183] *Pierson v. Ray*, 386 U.S. 547, 554 (1967) ("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly").

[184] Rec. Doc. 1.

[185] The Court notes that it is difficult to determine which claims Plaintiff intends to bring against which defendants, as she simply states in her Complaint that her action is brought pursuant to 42 U.S.C. §§ 1983 and 1985(3). Rec. Doc. 1 at 3. Out of an abundance of caution, the Court addresses both statutes here.

[186] *See Priester v. Lowndes Cnty.*, 354 F.3d 414, 420 (5th Cir. 2004) (internal citation omitted) (holding that in order to succeed in a Section 1983 suit against a private citizen, the plaintiff must allege an agreement between the private and public defendants to commit an illegal act and that "[a]llegations that are merely conclusory, without reference to specific facts, will not suffice"). To the extent Plaintiff alleges an agreement between the private and public defendants to commit an illegal act, these allegations are merely conclusory and without reference to specific facts.

failed to state a claim upon which relief could be granted.[187] Pursuant to 42 U.S.C. § 1985(3), "[i]f two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws," the injured party may recover damages. To assert a Section 1985(3) conspiracy claim, a plaintiff must allege: (1) "a conspiracy of two or more persons;" (2) "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws"; and (3) "an act in furtherance of the conspiracy;" (4) "whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States."[188] "This kind of conspiracy requires some form of class-based discrimination."[189] Here, Plaintiff alleges that she is a "Black American female."[190] However, she does not allege that any conspiracy was motivated by some form of class-based discrimination. Therefore, Plaintiff has failed to state a claim of conspiracy pursuant to 42 U.S.C. § 1985(3).

Accordingly, even if the Court were to find that some of Plaintiff's claims are not barred by the *Rooker–Feldman*, dismissal of all of Plaintiff's federal claims is warranted under 28 U.S.C. § 1915(e)(2)(B) because the Complaint is frivolous, fails to state a federal claim against any

---

[187] *See Mylett v. Jeane*, 879 F.2d 1272, 1275 (5th Cir. 1989) (holding that a private citizen may only be held liable under Section 1983 where the plaintiff alleges "that the citizen conspired with or acted in concert with state actors"). *See also Priester v. Lowndes Cnty.*, 354 F.3d 414, 420 (5th Cir. 2004) (internal citation omitted) (holding that in order to succeed in a Section 1983 suit against a private citizen, the plaintiff must allege an agreement between the private and public defendants to commit an illegal act and that "[a]llegations that are merely conclusory, without reference to specific facts, will not suffice").

[188] *Deubert v. Gulf Federal Savings Bank*, 820 F.2d 754, 757 (5th Cir. 1987) (citations omitted).

[189] *Cantu v. Moody*, 933 F.3d 414, 419 (5th Cir. 2019) (citing *United Bhd. of Carpenters & Joiners of Am., Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 834–35, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983)).

[190] Rec. Doc. 1 at 4.

defendant, and seeks "monetary relief against a defendant who is immune from such relief."[191] Furthermore, the Court would decline to exercise supplemental jurisdiction over any remaining state law claims pursuant to 28 U.S.C. § 1367.[192]

## C.   Sanctions Warning

As discussed above, Plaintiff Donna Smith has filed three lawsuits in the Eastern District of Louisiana regarding her divorce and community property partition proceedings. In the Fifth Circuit, it is well established that courts have the discretion to enjoin plaintiffs from filing frivolous claims.[193] "No one, rich or poor, is entitled to abuse the judicial process."[194] "Flagrant abuse of the judicial process can enable one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants."[195] The Court warns Plaintiff that future filings regarding the same matter may result in sanctions, including dismissal, monetary penalties, and restrictions on her ability to file actions in this Court without prior leave of the Court.

## IV. Conclusion

For the reasons stated above, because Plaintiff seeks review and relief from the final state court judgment, pursuant to the *Rooker–Feldman* doctrine, the Court lacks subject matter

---

[191] 28 U.S.C. § 1915(e)(2)(B).

[192] *See Scheanette v. Dretke*, 199 F. App'x 336, 337 (5th Cir. 2006) ("[B]ecause the district court properly dismissed all of Scheanette's federal claims [as frivolous], the district court's dismissal without prejudice of his supplemental state law claims was not an abuse of discretion under 28 U.S.C. § 1367."). There is not diversity of citizenship to establish diversity jurisdiction under 28 U.S.C. § 1332.

[193] *See e.g. Green v. Carlson*, 649 F.2d 285, 287 (5th Cir. 1981).

[194] *Id.* (citing *Hardwick v. Brinson*, 523 F.2d 798, 800 (5th Cir. 1975)).

[195] *Id.* (citing *Green v. Camper*, 477 F.Supp. 758, 770–71 (W.D. Mo. 1979)).

jurisdiction over her claims against all of the defendants named in this litigation. Alternatively, even if the Court were to find that some of Plaintiff's claims are not barred by the *Rooker–Feldman*, dismissal of all of Plaintiff's federal claims is warranted under 28 U.S.C. § 1915(e)(2)(B) because the Complaint is frivolous, fails to state a federal claim against any defendant, and seeks "monetary relief against a defendant who is immune from such relief."[196] Accordingly,

**IT IS HEREBY ORDERED** that the Debose Defendants' "Motion to Dismiss"[197] and Judge Barial's "Motion to Dismiss"[198] are **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that future filings regarding the same matter may result in sanctions against Plaintiff Donna M. Smith, including dismissal, monetary penalties, and restrictions on her ability to file actions in this Court without prior leave of the Court.

**NEW ORLEANS, LOUISIANA**, this __2nd__ day of July, 2020.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[196] 28 U.S.C. § 1915(e)(2)(B).

[197] Rec. Doc. 9.

[198] Rec. Doc. 11.